# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 09-cv-01642-REB-MJW

CATHOLIC HEALTH INITIATIVES OF COLORADO, d/b/a St. Mary-Corwin Medical Center,

    Plaintiff,

v.

COMMUNICATIONS WORKERS OF AMERICA, DISTRICT 7, and
CARY KONCILJA,

    Defendants.

# ORDER

**Blackburn, J.**

The matters before me are (1) plaintiff's **Motion To Vacate Arbitrator's Award** [#1-3][1] filed July 10, 2009; and (2) **Defendant Union's Motion for Summary Judgment To Enforce Arbitration Award** [#14] filed October 16, 2009.[2] I deny plaintiff's motion to vacate and grant defendants' motion for summary judgment.[3]

## I. PROCEDURAL HISTORY

In lieu of a complaint, this civil action was initiated by the filing of plaintiff's

---

[1] "[#1-3]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] Combining defendants' response to the motion to vacate in their brief in support of the motion for summary judgment violates the spirit of **D.C.COLO.LCivR 71.C.** ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper.") Furthermore, the filing of a motion for summary judgment and a separate brief violates **D.C.COLO.LCivR 56.1A.**

[3] The matters raised by and inherent to the motion to vacate and the motion for summary judgment are briefed fully, obviating the necessity for evidentiary hearing or oral argument. Additionally, my consideration of the motion for summary judgment and concomitant brief and the related response and reply satisfy the hearing requirements of Fed. R. Civ. P. 56(c) and (d). *See* **Geear v. Boulder Cmty. Hosp.,** 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

motion to dismiss in the District Court of Arapahoe County, Colorado (Case Number 09CV1435), pursuant to §13-22-223(1)(d), C.R.S., which provides in relevant part as follows:

> (1) Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if the court finds that"
>
> *****
>
> (d) An arbitrator exceeded the arbitrator's powers.

The case was removed from state court to this court effective July 10, 2009, on the filing of a notice of removal.[4]

## II. JURISDICTION

I have subject matter jurisdiction under **28 U.S.C. § 1331**(federal question) and **29 U.S.C. § 185** (suits against labor organizations).[5]

## III. THE FACTS

The following facts are undisputed. These facts are taken from the parties' papers and concomitant documentation and from the written decision of the arbitrator.

---

[4] I note that the putative notice of removal did not satisfy the requirements of **28 U.S.C. § 1446(a)**, which require, *inter alia*, that the tendered notice of removal be executed pursuant to **Fed. R. Civ. P. 11** and contain a short and plain statement of the grounds for removal. However, because I am satisfied that I have subject matter jurisdiction, the time for filing a motion to remand on the basis of any such defect has passed. *See* **28 U.S.C. § 1447(c)**.

[5] A suit to vacate or enforce an arbitration award entered pursuant to a collective-bargaining agreement arises under § 301 of the Labor Management Relations Act (LMRA). **29 U.S.C. § 185**. *United Steelworkers v. Enterprise Wheel & Car Corp*., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Bakery, Confectionery and Tobacco Workers Local 362-T v. Brown and Williamson Tobacco Corp.*, 971 F.2d 652, 654 (11th Cir.1992).

Additionally, the preemptive force of Section 301 permits removal of a state court lawsuit that arises under Section 301. *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). Federal courts have removal jurisdiction over state court lawsuits to enforce or vacate an arbitration award entered pursuant to a collective bargaining agreement. *Brown v. Witco Corp.*, 340 F.3d 209, 213 n. 5 (5th Cir.2004).

The defendant, Carey Koncilja (employee) had been employed by the plaintiff (employer) for thirty-one years at the time of the incident that resulted in her discharge. At the time of her discharge, the employee was a health care coordinator who worked in the emergency room of St. Mary-Corwin Medical Center in Pueblo, Colorado.

In the corrective action form (CAF) imposing and circumstantiating the discharge of the employee, the circumstances upon which the employer based its disciplinary decision were described as follows:

> On 9/25/07 it was brought to my [Hartigan's] attention that Carey [Koncilja] was keeping a steno notebook with patient information for tracking purposes for her HIC duties and then was taking the notebook home after each shift without discarding any of the information in the notebook as set forth by the patient privacy standards and confidentiality agreement. Carey [Koncilja] signed as an employee. Furthermore, 1 year of [patient] data was found on her person on returning to work on 10/1/07 in said notebook.

All of the facts recited in the CAF are accurate.[6]

The employer and union (union) are parties to a collective bargaining agreement (CBA), effective October 1, 2007, to September 30, 2010. Article 2, Section 2.2 of the CBA provides in pertinent part that it the right of the employer ". . . to reprimand, suspend, discharge or otherwise discipline for just cause." This same provision also grants the employer the right to ". . . make or change rules, policies and practices not in conflict with the express provisions of this Agreement." *Id*. Article 9, Section 9.5 of the CBA provides for "final and binding arbitration."

---

[6] Although the arbitrator recited many additional findings of fact based on extrinsic evidence, *i.e.*, evidence beyond the facts recited in the CAF, which is his prerogative, I have cabined my recitation of facts to those most relevant to the issues raised by the parties' cross-motions.

The employee opposed the discharge from employment. The union grieved the discharge. Unable to resolve the matter, the union pursued the grievance to arbitration.

The arbitration hearing was held on April 19, 2009. The parties mutually selected John Criswell, a quondam judge on the Colorado Court of Appeals, to serve as the arbitrator. Using Article 9, Section 9.5 of the CBA as their primary source, the parties at the hearing agreed that the authority of the arbitrator would be as follows:

> It is understood and agreed between the parties that the decision of the arbitrator constituted as set forth above shall be final and binding upon the parties, but that the arbitrator's jurisdiction to make an award shall be limited by the submission and confined to the interpretation or application of the provisions of this Agreement. The arbitrator shall not have jurisdiction to make an award which has the effect of amending, altering, enlarging, or ignoring any provision of this Agreement, nor shall he/she have jurisdiction to determine that the parties by practice or implication have amended or supplemented this Agreement. The arbitrator shall not have the authority to pass upon the Employer's exercise of any of the rights not abridged by this Agreement. If the arbitration is conducted concerning a grievance involving disciplinary action, the arbitration shall determine the question of fact as to the occurrence or non-occurrence of the circumstances on which such discipline was based. If it is determined that the circumstances on which the Employer based the discipline were not substantially as found by the employer, the Arbitrator shall remand the grievance back to the Employer for the Employer to take action consistent with the Arbitrator's findings of fact. If it is determined that such circumstances were substantially as found by the Employer, the Employer's decision as to the kind and degree of discipline shall not be disturbed, unless arbitrary, capricious or unjust. If it is determined that the Employer's decision as to the kind and degree of discipline was arbitrary, capricious, or unjust, the arbitrator shall have authority to enter an award consistent with state and federal law.

The arbitrator received evidence and argument. On May 29, 2009, the arbitrator

ruled that "[t]he discharge of [Koncilja] is disapproved and that discharge is reduced to a six months' suspension without pay or benefits."

## IV. THE CLAIMS

The employer seeks a vacatur of the arbitral award entered by the parties' chosen arbitrator on May 29, 2009. The employer argues generally that the arbitrator exceeded his powers and specifically (1) that the arbitrator was required to remand the grievance to the employer, because the arbitrator found the circumstances upon which the termination of the employee was based to be dramatically different than the employer found those circumstances to be; and (2) that the arbitrator impermissibly based his award on his, as opposed to the employer's, interpretation and application of a policy of the employer, which policy was not a part of the parties' CBA.  Each of these contentions is survigrously opposed by the union. Additionally, by way of summary judgment, the union requests that the award be confirmed and that the employee be awarded prejudgment interest from the date of the issuance of the arbitration award on May 27, 2009, to the date of payment in full of the back pay awarded in arbitration.

## V. STANDARD OF REVIEW

### A. Judicial Review of Arbitral Awards

Because "[t]he parties have contracted for an arbitrator to resolve their disputes, not a court," judicial review of an arbitrator's award is "among the narrowest known to the law." **LB & B Assoc., Inc. v. Int'l Bhd. of Elec. Workers, Local No. 113**, 461 F.3d 1195, 1197 (10th Cir. 2006) (internal quotation omitted). "It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns

construction of the contract, the courts have no business overruling him because their interpretation of the contract is different than his." ***United Steelworkers of Am. v. Enterprise Wheel & Car Corp.***, 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Thus "[w]hether the arbitrator's reading of the agreement was strained or even seriously flawed . . . is irrelevant." ***Bruce Hardwood Floors v. S. Council of Indus. Workers***, 8 F.3d 1104, 1108 (6th Cir.1993). As a result, judicial review of an arbitration award is extremely limited: "The arbitrator's factual findings are beyond review, and, so long as the arbitrator does not ignore the plain language of the [collective bargaining agreement], so is his interpretation of the contract." ***Kennecott Utah Copper Corp. v. Becker***, 186 F.3d 1261, 1267 (10th Cir.1999).

An arbitrator's discretion is not unlimited or entirely beyond judicial review, however. An arbitrator " 'does not sit to dispense his own brand of industrial justice' " and " 'his award is legitimate only so long as it draws its essence from the collective bargaining agreement.' " ***Local No. 7 United Food & Commercial Workers Int'l Union v. King Soopers, Inc.***, 222 F.3d 1223, 1227 (10th Cir.2000) (quoting ***Enterprise Wheel & Car Corp.***, 363 U.S. at 597). An arbitration award does not draw its essence from the collective bargaining agreement "[i]f it is contrary to the express language of the contract or [ii] is so unfounded in reason and fact, so unconnected with the wording and purpose of the agreement as to manifest an infidelity to the obligation of the arbitrator or [iii] if viewed in the light of the language, its context, and any other indicia of the parties' intentions, it is without factual support." ***LB & B***, 1197-98 (quoting ***Mistletoe Express Serv. v. Motor Expressmen's Union***, 566 F.2d 692, 694 (10th Cir.1977)

6

(alterations omitted)).

Consistent with this extremely narrow and deferential standard of review, a court must find that an award draws its essence from the collective bargaining agreement and is, therefore, valid, and "[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." ***Local No. 7***, 222 F.3d at 1227 (quoting ***United Paperworkers Int'l Union v. Misco, Inc.***, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987)). In other words, "so long as the award is based on the arbitrator's interpretation – unsound though it may be – of the contract, it draws its essence from the contract . . . . It is only when the arbitrator must have based his award on some body of thought, or feeling, or policy, or law that is outside the contract . . . that the award can be said not to draw its essence from the collective bargaining agreement." ***Ethyl Corp. v. United Steelworkers of Am., AFL-CIO-CLC***, 768 F.2d 180, 184 (7th Cir.1985) (Posner, J.) (emphasis in original, internal quotations and citations omitted). "The court thus will not interfere with an arbitrator's decision unless it can be said with positive assurance that the contract is not susceptible to the arbitrator's interpretation." ***Sterling Colo. Beef Co. v. United Food Commercial Workers Local Union No. 7***, 767 F.2d 718, 720 (10th Cir.1985).

### B. Review of Motions for Summary Judgment

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." **Fed. R.**

7

**Civ. P. 56(c)**. In applying this standard, the court must construe all facts and reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Pueblo of Santa Ana v. Kelly*, 104 F.3d 1552, 1552 (10th Cir.1997).

In this case, there are no genuine issues of material fact. Accordingly, my task is to review the arbitration award in light of the undisputed facts to determine if grounds exist to vacate that award.

## VI. CONCLUSIONS OF LAW

Applying the relevant prisms of review to the undisputed facts, I conclude ultimately as follows. First, I conclude generally that the award in arbitration draws its essence from the CBA and that the arbitrator did not exceed the scope of his authority under the CBA, as modified relevantly by the parties during the arbitration hearing.

Then, I conclude more specifically (1) that the arbitrator found that the circumstances on which the employer based the discipline were substantially as found by the employer, *i.e.*, the factual bases rehearsed in the CAF; (2) that consistent with his authority, the arbitrator properly applied, but did not impermissibly misinterpret, the relevant policies of the employer, which policies did not require complicated exegetical deconstruction and which provided unequivocally for a range of discipline from ". . . a verbal counseling up to and including termination of employment"; (3) that consistent with his authority under the CBA, as modified relevantly by the parties during the arbitration hearing, the arbitrator found that the discharge of the employee was unjust

8

within a reasonable meaning of the CBA; (4) that consistent with his authority under the CBA, as modified relevantly by the parties during the arbitration hearing, the arbitrator imposed discipline, *i.e.*, suspension for six months without pay or benefits, that was permitted under the relevant policies of the employer and that was consistent with state and federal law.

Because the grievance involved disciplinary action, the arbitrator was required to ". . . determine the question of fact as to the occurrence or non-occurrence of the circumstances on which such discipline was based." The discipline was based upon the circumstances recited in the CAF. The arbitrator found that the facts used by the employer to discharge the employee were as substantially as found by the employer in the CAF. Because the arbitrator ". . . determined that such circumstances were substantially as found by the Employer, the Employer's decision as to the kind and degree of discipline shall not be disturbed, unless arbitrary, capricious or unjust." The arbitrator, consistent with his duty and prerogative, then determined that the kind and degree of discipline, *i.e.*, termination, was unjust. Having ". . . determined that the Employer's decision as to the kind and degree of discipline was . . . unjust, the arbitrator shall have authority to enter an award consistent with state and federal law." After considering a variety of relevant circumstances, the arbitrator imposed suspension for six months without pay or benefit. The discipline imposed by the arbitrator was easily within the discretion afforded by the CBA and the relevant policies of the employer. Thus, under the apposite standards of review, the arbitral award should be confirmed.

9

## VII. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion To Vacate Arbitrator's Award** [#2] filed July 10, 2009, is **DENIED**; and

2. That **Defendant Union's Motion for Summary Judgment To Enforce Arbitration Award** [#14] filed October 16, 2009, IS **GRANTED**;

3. That the arbitration award issued May 27, 2009, is **CONFIRMED**[7];

4. That pursuant to **Fed. R. Civ. P. 58**, judgment **SHALL ENTER** for the defendants against the plaintiff;

5. That the defendants **ARE AWARDED** their costs to be taxed and allowed in the time and manner prescribed by **Fed. R. Civ. P. 54(d)(1)** and **D.C.COLO.LCivR 54.1**; and

6. That the defendants' request for prejudgment interest is **DENIED**.

Dated March 31, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[7] *See* **§13-22-223(4), C.R.S.**